J-S38029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW JOHNSON | : | |
| | : | |
| Appellant | : | No. 3564 EDA 2017 |

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004216-2016

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 03, 2020**

Appellant, Matthew Johnson, appeals from the Judgment of Sentence entered by the Delaware County Court of Common Pleas following his conviction of one count of Sale of Noncontrolled Substance Representing as a Controlled Substance, 35 P.S. § 780-113(a)(35)(ii). He raises a challenge to the sufficiency of evidence. After careful review, we affirm.

A detailed recitation of the underlying facts is not necessary to our disposition. Briefly, on July 18, 2017, the court held a bench trial, found Appellant guilty of the above offense, and sentenced him to a term of four to twenty-three months of imprisonment. Appellant filed a post-sentence motion, which the trial court denied.

Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____
* Retired Senior Judge assigned to the Superior Court.

In his Brief, Appellant raises the following issue: "[w]hether [the] Commonwealth presented sufficient evidence that [Appellant] sold a Noncontrolled Substance Representing as a Controlled Substance under 35 P.S. 780-113[(]35)(ii)," contending that the Commonwealth failed to present evidence supporting the factors set forth in the statute. Appellant's Br. at 7, 11.

Before we address the merits of this appeal, we first consider whether Appellant has preserved his issue for review. It is well-settled that any issues not raised in a Rule 1925(b) statement will be deemed waived. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4). "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Compliance with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

In his Rule 1925(b) Statement, Appellant did not raise the issue he now sets forth in his Brief challenging the sufficiency of the evidence supporting Subsection 780-113(a)(35)(**ii**). Rather, in his Rule 1925(b) Statement, Appellant presented a challenge to the sufficiency of the evidence with reference only to Subsection 780-113(a)(35)(**i**), as follows:

> The [c]ourt committed error in finding [Appellant] guilty of Information 1, 2 &3 based on a lack of evidence in that there was no evidence as to what [Appellant] actually sold; to wit: 35 P.S. [§] 780-113 . . . :
>
>> (35)(i) Except as otherwise provided by law, manufacturing, processing, packaging, distributing, possessing with intent to distribute or selling a noncontrolled substance that has a stimulant or depressant effect on humans, other than a prescription drug, which, or the label or container of which, substantially resembles a specific controlled substance. . . .
>
> There was no evidence presented that whatever was sold by [Appellant] had a ***stimulant or depressant effect on humans.***

Rule 1925(b) Statement of Matters Complained of on Appeal, filed 8/24/16 (emphasis in original).

Appellant's Rule 1925(b) Statement made no mention of the Commonwealth's alleged failure to present evidence of the Subsection 780-113(a)(35)(**ii**) factors. Because Appellant did not raise any issue pertaining to Subsection 780-113(a)(35)(**ii**) in his Pa.R.A.P. 1925(b) Statement, his issue raised on appeal is waived. We, thus, affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judge Ott joins the memorandum.

Judge Colins concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/20